UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **FITHAWI TEKLAY SEBHATLEAB** | **CIVIL ACTION NO. 21-0222** |
| | **SECTION P** |
| VS. | |
| | **JUDGE TERRY A. DOUGHTY** |
| **U.S. ATTORNEY GENERAL, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Respondents, the U.S. Attorney General, the Secretary of the U.S. Department of Homeland Security, the Field Office Director of Immigration and Customs Enforcement, U.S. Immigration and Customs Enforcement, and U.S. Department of Homeland Security, move to dismiss Petitioner Fithawi Teklay Sebhatleab's petition for a writ of habeas corpus as moot, maintaining that Petitioner was "released from ICE custody." [doc. # 12]. Petitioner did not respond to Respondents' motion; thus, he does not oppose it.[1]

### Background

Petitioner was a detainee at Jackson Parish Correctional Center in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement. He petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He sought release from confinement, claiming, "continued unlawful indefinite detention." [doc. # 1, p. 3].

Respondents maintain that "Petitioner was released from the Jackson Parish Correctional Center, and from ICE custody pursuant to an Order of Supervision with reporting requirements." [doc. # 12-1, p. 1].

---

[1] [doc. # 13 ("Any party filing no brief will be deemed not to oppose the motion.")].

## Law and Analysis

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). A claim is moot when a petitioner achieves the precise relief she requested. *New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526 (2020).

Here, Petitioner sought release from confinement. Petitioner was released from confinement. As he is no longer subject to the detention he challenges, his petition is moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) ("Because Bailey was released . . . this court can no longer provide him with that relief."); *Nyabwa v. Dep't of Homeland Sec. Immigration & Customs Enf't Field Office Dir.*, 537 F. App'x 451 (5th Cir. 2013). Because his petition is moot, this Court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978).

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Petitioner Fithawi Teklay Sebhatleab's Petition be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 11th day of May, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge